IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| PEARL LEE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 05-6047-CV-W-RED-SSA ) |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

**ORDER**

Plaintiff Pearl Lee ("Plaintiff") seeks judicial review of the Commissioner's denial of her request for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, as amended and her request for disability insurance benefits under Title II, 42 U.S.C.§§ 401 *et seq.* Plaintiff has exhausted all of her administrative remedies, and therefore, pursuant to Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Commissioner.

**I. Background**

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ") decision within the administrative record fully sets forth his findings and such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

**II. Standard of Review**

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial

evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work

Case 5:05-cv-06047-RED   Document 13   Filed 06/19/06   Page 2 of 10

that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Plaintiff argues that the ALJ erred in four distinct ways. First, that the ALJ gave no weight to the opinion of Plaintiff's treating physician while giving substantial weight to the opinions of one-time examining physicians. Second, that the ALJ did not properly consider the testimony of Plaintiff's case worker, Laurie Davis. Third, that the ALJ failed to consider the impact of Plaintiff's obesity on her ability to work. Plaintiff also argues solely in her reply brief that the ALJ's credibility finding is not supported by the record as a whole. The Court will consider each of these arguments separately below, beginning with the ALJ's credibility finding.

#### A. *Plaintiff's Credibility*

Although not raised in Plaintiff's initial brief, Defendant argued in response that the ALJ had properly analyzed Plaintiff's Credibility under the factors set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1994). Specifically, Defendant argues that the ALJ articulated several inconsistencies in the record in discounting Plaintiff's subjective complaints. Plaintiff, in reply, argues that the ALJ's findings of inconsistency are not supported by the record as a whole. Plaintiff

-3-

states that although the ALJ based the majority of his credibility findings on Plaintiff's physical impairments, he fails to take into account Plaintiff's mental impairments that weigh in favor of Plaintiff's credibility.

The burden of deciding questions of fact, including the credibility of a plaintiff's subjective testimony, rests with the Commissioner. *See Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987). Generally, the ALJ is in a better position than the Court to determine credibility. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). When an ALJ assesses a claimant's subjective complaints relating to nonexertional impairments, the claimant must prove, on the record as a whole, that the disabling impairment results from a medically determinable physical or mental impairment. *See* 20 C.F.R. §§ 404.1529, 416.929 (2004). However, the claimant need not produce direct medical evidence of the cause and effect relationship between the impairment and the degree of the claimant's subjective complaints. *See Polaski,* 739 F.2d at 1322. Accordingly, when making a disability determination, the adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them. *See id.* However, the adjudicator may discount the complaints by considering the claimant's prior work record and observations by third parties and physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the subjective infirmity; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *See Melton v. Apfel*, 181 F.3d 939, 941 (8th Cir. 1999); *Polaski*, 739 F.2d at 1322.

In evaluating the *Polaski* factors, the Eighth Circuit has advised that the primary question is not whether the claimant actually experiences the subjective complaints alleged, but whether those symptoms are credible to the extent that they prevent the claimant from performing substantial

-4-

gainful activity. *See Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998); *McGinnis v. Chater*, 74 F.3d 873, 874 (8th Cir. 1996); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993); *Pickner v. Sullivan*, 985 F.2d 401, 404 (8th Cir. 1993). An ALJ may discount a claimant's subjective complaints only if there are inconsistencies in the record as a whole.

Here, the ALJ discredited the allegations and testimony of both Plaintiff and her caseworker, Laurie Davis,[1] regarding Plaintiff's physical and mental symptoms and limitations because they were not supported "by the objective medical, clinical, laboratory, radiological, psychiatric mental status examination and psychological evaluation or test findings of record . . . ." (Tr. 30) The ALJ noted that the examinations performed by Dr. Birky and Dr. Brothers indicated that Plaintiff exhibited signs of malingering, symptom magnification or exaggeration of symptoms. Such findings reflect adversely on Plaintiff's credibility. *See Jones v. Callahan*, 122 F.3d 1148, 1152 (1997) (evidence that Plaintiff exaggerated the severity of his symptoms dictated a finding that Plaintiff's testimony was not fully credible); *Jenkins v. Bowen*, 861 F.2d 1083, 1086 (8th Cir. 1988) (noting that exaggeration of symptoms is a factor to be weighed in evaluating subjective complaints of pain). The ALJ further cited Plaintiff's sporadic work history as evidence that Plaintiff had never been highly motivated to work, further casting doubt on her credibility. *See Comstock v. Chater*, 91 F.3d 1143, 1147 (8th Cir. 1996) (ALJ may discount credibility based on sporadic work history characterized by fairly low earnings and significant breaks in employment). The ALJ also found that Plaintiff's daily activities, which included performing household chores, grocery shopping, attending church, and using a computer to play games and surf the internet as "further indication that [Plaintiff's] alleged physical an mental limitations are not as severe as alleged." (Tr. 30) *See*

---

[1] Ms. Davis' testimony is further discussed at Part C, *infra.*

*Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995) (finding that inconsistencies between subjective complaints and daily living patterns diminish credibility).

Based on the foregoing examples, the Court finds that the ALJ properly discounted Plaintiff's subjective complaints in this case. The ALJ clearly cited specific inconsistencies between Plaintiff's testimony in the record and her subjective complaints, and these inconsistencies are supported by substantial evidence on the record as a whole.

### B. Weight Afforded Physicians' Opinions

Plaintiff argues that the ALJ erred by giving "no weight" to the opinion of Ms. Lee's treating psychiatrist, Dr. Nancy Israel, while giving "substantial weight" to the opinions of one-time examining physicians Dr. Alan Israel and Dr. Howard Birky. Plaintiff argues that based on Dr. Nancy Israel's treatment history of Plaintiff, as well as her specialty in psychiatry, Dr. Nancy Israel is in the best position to make a determination regarding the severity of Ms. Lee's impairments and that her opinion should be given "controlling weight," or at a minimum "great weight."

Although a treating physician's opinion is entitled to great weight, it does not automatically control or obviate the need to evaluate the record as a whole. *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001). The ALJ may discount or disregard such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. *Id.* In this case, Dr. Nancy Israel completed a "Medical Impairment Questionnaire" indicating that Plaintiff had a Global Assessment of Functioning ("GAF") of 50. Upon review, the ALJ afforded the Questionnaire and GAF assessment "no weight whatsoever", because they were unsupported by any medical, clinical or laboratory findings, mental status examinations, or psychological testing performed by Dr. Nancy Israel. The ALJ also found that Dr. Nancy Israel's

-6-

questionnaire was contradicted by objective mental status examinations and well-supported mental functional capacity assessments performed by psychologists Dr. Alan Israel and Dr. Howard Birkly.

While it is generally true that the report of a consulting physician who examines a claimant once does not constitute substantial evidence upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician, *Lanning v. Heckler*, 777 F.2d 1316, 1318 (8th Cir. 1985), the Eighth Circuit has noted two exceptions to this general rule. Thus, an ALJ may discount or even disregard the opinion of a treating physician (1) where other medical assessments are supported by better or more thorough medical evidence or (2) where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *See Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000) (internal citations omitted).

Here, the Court finds that this case falls under the first exception. Dr. Alan Israel and Dr. Binky's evaluations were more thorough than that of the Medical Impairment Questionnaire completed by Dr. Nancy Israel. As noted by the ALJ, Dr. Binky subjected Plaintiff to a psychological evaluation and mental status examination including an administration of the Minnestoa Multiphasic Personality Inventory ("MMPI") test. Dr. Binky further diagnosed Plaintiff with anxiety disorder, not otherwise specified, and schizotypal personality tendencies. Dr. Binky also found Plaintiff to have a GAF of 60, indicative of only mild to moderate psychological symptoms and limitations. With respect to Dr. Alan Israel, the ALJ noted that Dr. Israel administered a Mini Mental State exam and diagnosed plaintiff with mild adjustment disorder with mixed anxiety and depressed mood that did not present a major interference with activities. In contrast, Dr. Nancy Israel's Medical Impairment Checklist consisted primarily of a checked list of symptoms and diagnoses devoid of any clinical findings, objective mental status examinations, or

-7-

psychological testing performed by Dr. Nancy Israel. Because Dr. Alan Israel and Dr. Binkly prepared more thorough reports (reflective of more thorough exams) than Dr. Nancy Israel, the ALJ did not err in affording great weight to their opinions and by granting Dr. Nancy Israel's opinion no weight whatsoever

*C. Laurie Davis' Testimony*

Plaintiff next argues that the ALJ failed to consider the testimony of Plaintiff's case worker, Laurie Davis. Plaintiff argues that the ALJ committed clear error by affording Ms. Davis' opinion no weight even though Ms. Davis had cared for Plaintiff for almost two years and had no personal or financial interest in the outcome of the case. Plaintiff also argues that the ALJ must articulate specific reasons for discrediting Ms. Davis' testimony.

As previously discussed, the ALJ found the testimony of both Laurie Davis and the Plaintiff not to be credible "particularly because they are not supported by the objective medical, clinical, laboratory, radiological, psychiatric mental status examination and psychological evaluation of test findings of record . . .". (Tr. 30) Although the ALJ did not list specific reasons for discrediting Ms. Davis' testimony, he articulated numerous reasons for discrediting Plaintiff's testimony. *See* Part A, *supra*. When a third party witnesses' testimony is discredited by the same evidence that discredits the Plaintiff's own testimony concerning her limitations, an ALJ need not cite specific reasons for discrediting a witness's testimony. *See Lorenzen v. Chater*, 71 F.3d 316, 318 (8th Cir. 1995); *Robinson v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992). The Court notes that Ms. Davis is not a health care professional who provided treatment to Plaintiff. Her testimony at the hearing was limited (three pages of transcript). She testified that Plaintiff reported having unusual hallucinations, that Plaintiff was sometimes overwhelmed by appointments before she had the assistance of a case

manager (Ms. Davis) and that she had heard Plaintiff's testimony and that if they were to ask her similar questions about what she observed about Plaintiff her answer would be the same as Plaintiff's answers. This adoption of Plaintiff's testimony by reference makes it even more appropriate that any evidence that discredits Plaintiff's testimony would likewise discredit the testimony of Ms. Davis. Accordingly, since it is clear that the ALJ considered and subsequently discredited Ms. Davis' testimony based on the same evidence in the record as a whole that he used to discredit Plaintiff's testimony, Plaintiff is not entitled to relief on this point.

*D. Plaintiff's Obesity*

Plaintiff's final argument is that the ALJ failed to consider the impact of Plaintiff's obesity on her ability to work. Specifically, Plaintiff argues that although the ALJ found Plaintiff's obesity to be a severe impairment, he did not consider the impact of Plaintiff's obesity on her ability to work when formulating his residual functioning capacity ("RFC") determination in violation of Social Security Ruling 02-01p, *Titles II and XVI: Evaluation of Obesity* (2002).

Social Security Ruling 02-01p does not mandate a particular mode of analysis. It only states that obesity, in combination with other impairments, "may" increase the severity of the other limitations. Social Security Ruling 02-01p, 2000 WL 628049 at *1. Here, it is undisputed that the ALJ found Plaintiff's obesity to be a severe impairment. Without specifically mentioning obesity, it appears that the ALJ considered impairments associated with Plaintiff's obesity in formulating his RFC determination. First, he noted that Plaintiff is 5'5" and weighs 262 pounds and that she had gained about 40 pounds since the alleged onset of disability in June 2000. Second, he noted that Plaintiff suffered from sleep apnea and hypertension, both conditions that can exacerbated by obesity. *See Id.* at *3. Furthermore, none of Plaintiff's doctors suggested that obesity imposed any

work related restrictions on Plaintiff, nor did Plaintiff present any testimony or other evidence at her hearing that her obesity impaired her ability to work. In light of this evidence, the fact that the ALJ's RFC determination does not consider Plaintiff's obesity in combination with her other impairments is not fatal. *Cf. Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995).

## IV. CONCLUSION

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby

ORDERED that the decision of the ALJ is **AFFIRMED.**

DATE:   May 16, 2006             */s/ Richard E. Dorr*
                                 RICHARD E. DORR, JUDGE
                                 UNITED STATES DISTRICT COURT